IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SAMUEL RIVERA ROSADO**,<br><br>            Plaintiff,<br><br>       v.<br><br>**RICHERD ROMAN**, *et al.*<br><br>            Defendants. | Case No. 16-cv-784-SI<br><br>**OPINION AND ORDER** |

Samuel Rivera Rosado, 180695, South Florida Reception Center-South Unit Inmate Mail/Parcels 13910 NW 41st Street, Doral, FL 33178. *pro se*.

Xavier Becerra, Attorney General, Carol A. Squire, Supervising Deputy Attorney General, Phillip M. Hoos, Deputy Attorney General, and Deborah M. Fletcher, Deputy Attorney General, CALIFORNIA DEPARTMENT OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL, 600 West Broadway, Suite 1800, San Diego, CA 92101. Of Attorneys for the California Defendants.

Daniel S. Hasson, DAVIS ROTHWELL EARLE & XOCHIHUA, PC, 200 SW Market Street, Suite 1800, Portland, OR 97201. Of Attorneys for Lucid Energy, Inc.

**Michael H. Simon, District Judge.**

Plaintiff Samuel Rivera Rosado ("Rosado") filed this lawsuit *pro se* naming as

defendants: Richerd Roman, CEO, Lucid Energy, Lucid Energy System, Susan Priddy, Project

Director, Lucid Commercial Micro-Hydro Energy System, Roger Johnson, Deputy Director of the California Energy Commission, and the California Energy Commission. ECF 1 at 1-2. Lucid Energy, Inc. ("LEI"), although not specifically named as a defendant, filed a motion to dismiss in the event that the Court liberally construes Rosado's complaint as asserting claims against LEI, arguing that it was not properly named or served and that the Court lacks jurisdiction over LEI. Roger Johnson and the California Energy Commission (collectively the "California Defendants") filed a motion to dismiss, arguing that Rosado fails to state a claim on which relief can be granted. The Court finds that even under the liberal pleading standards afforded a *pro se* plaintiff, Rosado fails to state a claim upon which relief may be granted against any defendant. Accordingly, for the reasons that follow, this case is dismissed.

## STANDARDS

**A. Motion to Dismiss**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office*

*Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**B.  *Pro Se* Pleading Standard**

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "'Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Rosado filed his *pro se* Complaint against all Defendants on March 29, 2016, in the Southern District of Florida. ECF 1. Magistrate Judge Patrick A. White, noting that Rosado's Complaint "is far from clear[,]" transferred the case to this Court because the Complaint "alleged events giving rise to the cause of action [that] occurred in the City of Portland, Oregon and the City of Portland lies within the jurisdiction of the United States District Court, District of Oregon." ECF 5 at 2.

Rosado styles his claims as being civil rights claims under 42 U.S.C. § 1983. Mindful of the liberal construction a court is to give *pro se* pleadings, the Court looks to the substance of Rosado's claims and not the label he provides. The substance of his Complaint demonstrates that he purports to bring a copyright infringement claim.

In Rosado's Complaint, Rosado alleges that Defendants infringed his copyrighted technical drawings of a purported pipeline that produces clean energy from water. Rosado had registered the drawings of the "New Super Power Square Pipeline" with the Copyright Office as a technical drawing on May 21, 2001. ECF 16 at 2. On March 10, 2003, Rosado registered his book explaining his pipeline design with the Copyright Office, titled "The New Super Power Square Pipeline That Produce Electricity From Fresh Or Seawater." ECF 16-1 at 17.

On October 24, 2016, the Court issued its Order granting Plaintiff's Application to Proceed *in forma pauperis* ("IFP"). ECF 11. Pursuant to that Order, Plaintiff had 30 days to prepare an original summons and submit it to the Clerk of Court for issuance, provide to the Clerk of Court the original and sufficient service copies of the issued summons and complaint, and complete and return to the Clerk of Court the U.S. Marshals Service Form (USM 285) for service of process. On January 12, 2017, Rosado filed a Motion for Default Judgment, but proof of service on Defendants had not been filed with the Court. ECF 16. The Court denied Rosado's

motion and ordered that if Rosado "intends to proceed with this action, he must, on or before April 28, 2017, either comply with the Court's Order dated October 24, 2016 (ECF 11) or otherwise properly serve Defendants without the aid of the U.S. Marshals Service and file with the Court proper proof of service." ECF 17.

On April 11, 2017, Summonses were issued for two of the individually named defendants: "Susan Priddy" (identified as the "Project Director, Lucid Energy") and "Richerd Roman" (identified as "CEO, Lucid Energy"). ECF 18. On April 18, 2017, LEI received two sealed packages of documents at its office address, addressed to the individually-named defendants. The two packages each contained a Complaint and a Summons (one to individual defendant Roman and one to individual defendant Priddy). Based on these Summonses and Complaint directed to LEI's office, out of an abundance of caution, LEI moved to dismiss Rosado's Complaint on May 9, 2017. ECF 21.

On May 2, 2017, the clerk of the Court issued a third Summons requested by Rosado, to an entity identified as "Lucid Commercial Micro-Hydro Energy System Company," with LEI's office address. On May 23, 2017, this Summons was sent via certified mail, was refused, and was returned to the U.S. Marshal's Office. ECF 35. On June 5, 2017, the U.S. Marshals attempted service on "Lucid Commercial Micro-Hydro Energy System Company" by service to Ron Peters, a Director at LEI. Mr. Peters refused service in person, stating the "name of company is not correct" and the Summons was returned as unexecuted. *Id.*

Regarding the California Defendants, a Summons was issued on April 11, 2017, to the California Energy Commission. ECF 18. This Summons was accompanied by a Complaint identifying Roger Johnson, the Deputy Director of the California Energy Commission. ECF 24. Allan Ward, Associate Chief Counsel for the California Energy Commission, accepted service

on May 12, 2017. *Id.* Based on the Complaint and Summons, the California Defendants moved to dismiss on June 2, 2017.

On May 25, 2017, Rosado filed a motion for Summary Judgment against the individually named defendants, Roman and Priddy, "for failure to comply with this courts order provided with service of Summons."[1] ECF 23. The Court construes this motion as a motion for Default Judgment. On June 19, 2017, Rosado also filed a Motion to Strike the California Defendants' Motion to Dismiss. ECF 38. The Court construes this motion as Rosado's opposition brief in response to the California Defendants' Motion to Dismiss.

## DISCUSSION

### A. LEI's Motion to Dismiss

#### 1. Insufficient service of process

LEI moves to dismiss Rosado's Complaint, arguing that service of process was insufficient. LEI argues that Rosado failed properly to serve LEI under Oregon's primary service method or any of the four alternatives. Rosado responds that LEI accuses this Court and the U.S. Marshal's Office, rather than Rosado, of violating the service rules.

Challenges to the manner of service are interpreted strictly, even for *pro se* litigants. *Reeder v. Knapik*, 2007 WL 1655812, at *1 (S.D. Cal. June 5, 2007) (dismissing *pro se* plaintiff's complaint finding that "[a] liberal construction of [service] cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." (internal quotations and citations omitted)); *see also Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 924-25 (11th Cir. 2003) (holding that even

---

[1] Although the Complaint against Roman and Priddy is dismissed for failure to state a claim as discussed below, it would also be dismissed because service of process was insufficient.

though the defendant had actual notice of the lawsuit, service of process was ineffective because it was not in substantial compliance with service requirements).

Rule 4(h) of the Federal Rule of Civil Procedure ("FRCP") offers two methods for serving a corporation, partnership, or association. One method of service under FRCP 4(h) is by

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant

Fed. R. Civ. P. 4(h)(1)(B).

On April 18, 2017, LEI received two sealed packages of documents at its office, addressed to the individually named defendants. The only person in LEI's office at the time was LEI engineer, Bjorn Sorenson, who signed for the delivery of the unopened packages. ECF 22 at 2-3. The two packages each contained the Complaint and Summons (one to individual defendant Roman and one to individual defendant Priddy). Because this service purported to serve the individual defendants and not LEI or "Lucid Commercial Micro-Hydro Energy System Company," the Court does not consider this service as an attempt to serve the defendant corporation. The Court notes, however, that neither Priddy nor Roman was employed by LEI at the time of the purported service and that Sorenson was not an "officer, a managing or general agent, or any other agent authorized by appointment or by law." Fed. R. Civ. P. 4(h)(1)(B). Thus, even if this service had been an attempt to serve LEI or "Lucid Commercial Micro-Hydro Energy System Company," it would not have been sufficient.

The U.S. Marshals also attempted to serve the energy corporation defendant at LEI's address. In the Summons, Rosado named "Lucid Commercial Micro-Hydro Energy System Company" as the party to be served. This Summons was sent by certified mail, but was rejected

and returned. The U.S. Marshals next attempted personal service of the same Summons on Ron Peters, but he refused stating that the "name of company is not correct."

Peters is a Director at LEI. As a Director, leaving the Complaint and Summons for "Lucid Energy, Inc." with him would have been sufficient to serve that corporate entity. But that is not what transpired. The Summons was issued to "Lucid Commercial Micro-Hydro Energy System Company," not "Lucid Energy, Inc." LEI asserts that it has never been named, done business as, or owned any subsidiaries with the name "Lucid Commercial Micro-Hydro Energy System Company." Because the Complaint and Summons did not name LEI as a defendant and was returned to Rosado as unexecuted, the service of process was insufficient pursuant to FRCP 4(h)(1)(B).

The second method of service permitted under FRCP 4(h) is to follow state law for serving a Summons. Fed. R. Civ. P. 4(h)(1)(A). Service of process on a corporation under Oregon law is governed by Rule 7 D (3)(b) of the Oregon Rule of Civil Procedure ("ORCP"), which provides a primary service method and four service alternatives.

    a. **Oregon's primary service method**

Oregon's primary method for service on corporations is set forth in ORCP 7 D(3)(b)(i), which provides that service is to be effected "[b]y personal service or office service upon a registered agent, officer, or director of the corporation; or by personal service upon any clerk on duty in the office of a registered agent." The "office service" option referenced in ORCP 7 D(3)(b)(i) requires leaving copies of the complaint and Summons at the office during normal working hours with "the person who is apparently in charge." ORCP 7 D(2)(c). To complete office service, the plaintiff is required to also mail the Summons and complaint to the defendant's "dwelling house or usual place of abode or defendant's place of business or any

other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action." *Id*.

When Peters refused service because the name of the company was incorrect, the U.S. Marshals did not leave a copy of the Complaint and Summons at LEI's office, and service via certified mail was also refused. ECF 35. LEI was not served following Oregon's primary service method for corporations.

### b. Oregon's alternative service methods

There are four other service alternatives under Oregon law when "a registered agent, officer, or director cannot be found in the county where the action is filed." ORCP 7 D(3)(b)(ii). As applied to district courts in Oregon, to invoke any of the alternative methods, a plaintiff must first show that a registered agent, officer, or director could not be found within the county the court is located in. Rosado has not asserted that a registered agent, officer, or director was not in the district or county in which this Court is located, nor that he or the U.S. Marshals had to rely on these alternative methods. Accordingly, the Court agrees with LEI that it has not properly been named or served in this lawsuit. Because the Court finds that service was improper, it does not reach LEI's argument pursuant to FRCP 12(b)(4) regarding insufficient process.

### 2. Personal Jurisdiction

A federal court's assertion of personal jurisdiction over a defendant is predicated on completion of legally sufficient service of process. *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."); *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc*., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the

defendant has been served properly under Fed. R. Civ. P. 4."). As discussed above, LEI has not been properly served, thus this Court does not have personal jurisdiction over it.

**B. California Defendants' Motion to Dismiss**

The California Defendants move to dismiss Rosado's Complaint because: (1) the process and service of process were insufficient; (2) there was a lack of personal jurisdiction; (3) the California Defendants have Eleventh Amendment Immunity; (4) the California defendants are not "persons" for claims under 42 U.S.C. § 1983; and (5) Rosado fails to state a claim for relief. Because the Court finds that Rosado fails to state a claim for relief against any defendant, the Court does not address the California Defendants' remaining arguments.

As construed by the Court, Rosado complaint alleges copyright infringement against Defendants. Although Rosado labelled his complaint as a civil rights claim under 42 U.S.C. § 1983, the substance of his complaint shows that it is actually one for copyright infringement. Moreover, the Court agrees with other courts that have found that the Copyright Act preempts any § 1983 claim. *See Issaenko v. Univ. of Minn.*, 57 F. Supp. 3d 985, 1019-20 (D. Minn. 2014) (denying § 1983 relief for copyright infringement because "the Copyright Clause does not secure to individuals a particular right, but rather is a clause that enables legislative action by Congress"); *Molinelli-Freytes v. Univ. of P.R.*, 727 F. Supp. 2d 60, 67 (D.P.R. 2010) (dismissing plaintiff's § 1983 claim based on copyright infringement because "when Congress enacted the Copyright Act, it intended for the Act to preempt § 1983 claims based upon the same actions underlying the Copyright Act claim"); *Dodd v. Fort Smith Special Sch. Dist. No. 100*, 666 F. Supp. 1278, 1283 (W.D. Ark. 1987) (finding that "Congress' clear intent was to bring all copyright actions within the provisions of the Copyright Act" and not under § 1983 claims).

Liberally construing Rosado's pleading, as the Court must, the Court turns next to the issue of whether the Complaint states a valid claim for copyright infringement. To establish

PAGE 10 – OPINION AND ORDER

copyright infringement, two elements must be proven: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Regarding the first element, a plaintiff cannot maintain an infringement action until it has registered its work with the Copyright Office. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). The copyright owner has the exclusive right to reproduce the copyrighted work. *Id.* § 106. Anyone who violates this exclusive right infringes on the owner's copyright. *Id.* § 501(a).

The scope of copyright protection, however, is limited such that it does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." *Id.* § 102(b). "Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea—not the idea itself." *Mazer v. Stein*, 347 U.S. 201, 217 (1954); *see also Baker v. Selden*, 101 U.S. 99, 101-02 (1879) (finding that a book describing a bookkeeping system is worthy of copyright protection, but the underlying method described is not); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 703 (2d Cir. 1992); ("It is a fundamental principle of copyright law that a copyright does not protect an idea, but only the expression of the idea."); *Erickson v. Blake*, 839 F. Supp. 2d 1132, 1136 (D. Or. 2012) ("[I]t is axiomatic that a copyright only protects expression, not the idea behind the expression."

Copyright protection is further limited by 17 U.S.C. § 113(b), which states "[t]his title does not afford, to the owner of copyright in a work that portrays a useful article as such, any greater or lesser rights with respect to the making, distribution, or display of the useful article so

portrayed than those afforded to such works under the law." At least one federal court looked to the Congressional record preceding the adoption of the Copyright Act to determine if the manufacture of a "useful article" from a copyrighted technical drawing constituted copyright infringement. *Niemi v. Am. Axle Mfg. & Holding Inc.*, 2006 WL 2077590, at *3 (E.D. Mich. July 24, 2006). The Congressional record set forth the following examples of the limitation expressed by 17 U.S.C. § 113(b):

> Under distinctions indicated in existing court decisions, that the copyright in a work portraying a useful article as such would not protect against manufacture of that article, **copyright protection would not extend** to the following cases:
>
> - A copyrighted drawing of a chair, used to manufacture chairs of that design;
>
> - A copyrighted scale model of an automobile, used to manufacture automobiles of that design;
>
> - **A copyrighted technical drawing showing the construction of a machine used to manufacture the machine;**
>
> - A copyrighted picture of a dress, used to manufacture the dress.

*Niemi*, 2006 WL 2077590, at *3 (emphasis in original) (citing Staff of H.R. Comm. on the Judiciary, 87th Cong., Rep. of the Register of Copyrights on the General Revision of the U.S. Copyright Law (1961). Thus, the manufacture of the pipeline from Rosado's copyrighted technical drawing is not what Congress intended to be copyright infringement.

Further, it makes no difference if any defendant directly referenced Rosado's technical drawings when building the pipeline. *See Nat'l Med. Care, Inc. v. Espiritu,* 284 F. Supp. 2d 424 (S.D. W. Va. 2003). In *Espiritu*, one defendant conceded that he had made unauthorized copies of the plaintiffs' copyrighted technical drawings of cabinets and used those drawings to create the defendant's cabinets. *Id*. at 433. The plaintiff asked the court to have the defendant remove the cabinets that had been built from the copied technical drawings. *Id*. The court found that,

PAGE 12 – OPINION AND ORDER

under 17 U.S.C. § 102(b), the ideas illustrated in the technical drawings were not protected. *Id*; *see also Niemi*, 2006 WL 2077590, at *3. The court in *Espiritu* ultimately held that copyright protections do not extend to structures built from technical drawings "regardless of whether those structures have been built with reference to infringing copies." *Espiritu,* 284 F. Supp. 2d at 435. Thus, the copyrighted technical drawings depicting the medicine cabinets were held not to protect against the manufacture of the medicine cabinets. *Id*. at 436.

Rosado attempts to expand the scope of copyright protection to include the act of manufacturing an article using the copyrighted drawing. He cites to no authority, however, and the Court was unable to find any, to support such protection. A copyright confers on its owner an exclusive right to reproduce the original work—not the exclusive right to manufacture. It is a patent that gives its owner a far broader right: "the right to exclude others from making, using, offering for sale, or selling the invention." 35 U.S.C. § 154. Rosado, however, has not patented his pipeline or the process by which one can make energy from water. Thus, Rosado does not have the exclusive right to manufacture from his technical drawings. He fails to state a claim for copyright infringement against the energy corporation defendants.

Although the Complaint is not a model of clarity, it appears that Rosado's claims against the California Defendants are that they failed to investigate whether LEI (the corporation licensed in California, although not named in the Complaint) was infringing Rosado's copyrighted technical drawings before the California Defendants granted LEI a license to operate in California. ECF 1 at 10. Because Rosado fails to state a claim that LEI was operating in a manner that infringes on any protected interest of Rosado, he fails to state a claim against the California Defendants. Moreover, Rosado has not cited to any authority, and the Court is aware of none, that required the California Defendants to check the copyright databases to ensure

whether LEI had any device that was potentially infringing on another's copyrighted drawings. Further, even after the potential infringement was called to the attention of the California Defendants, Rosado has not cited to any authority that would give the California Defendants a duty, or the authority, to stop LEI. Accordingly, the California Defendants' motion to dismiss is granted.

**C. Dismissal of Claims Against All Remaining Defendants**

A complaint filed IFP may be dismissed at any time, including before service of process, if the Court determines that the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

As discussed above, the Court finds that Rosado's Complaint fails to state a claim for copyright infringement. Under the Court's discretion to dismiss a complaint filed IFP, the Court dismisses Rosado's Complaint against all Defendants, served and unserved. 28 U.S.C. § 1915(e)(2)(B). The Court thus denies Rosado's motion for summary judgment.

Because Rosado's complaint is based on copyright protection that cannot serve as a basis for the relief he seeks, the Court finds that an amendment would be futile. Accordingly, the Court dismisses this case with prejudice.

**CONCLUSION**

Lucid Energy, Inc.'s Motion to Dismiss (ECF 21) is GRANTED. Defendants California Energy Commission's and Roger E. Johnson's Motion to Dismiss (ECF 32) is GRANTED.

Rosado's Complaint (ECF 1) is DISMISSED with prejudice. Plaintiff's Motion for Summary Judgment (ECF 23) and Motion to Strike (ECF 38) are DENIED. The Court further finds that any appeal from this Order would not be taken in good faith, and Plaintiff's *in forma pauperis* status should be revoked pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

DATED this 11th day of August, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge